**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

GINA JENKINS,                            )
                         Plaintiff,      )
                                         )
            v.                           )        No. 04-0966-CV-W-FJG
                                         )
GORDON R. ENGLAND, et al.,               )
                         Defendants.     )

# ORDER

Pending before the Court is Plaintiff's Motion in Limine (Doc. No. 111) and Defendants' Motions in Limine (Doc. No. 118). These will be considered below.

## I.    PLAINTIFF'S MOTION IN LIMINE (Doc. No. 111)

Plaintiff seeks to exclude all testimony from defendants and their witnesses regarding allegations that plaintiff and/or her sister "bared their breasts in a local tavern at an after-work social event." Plaintiff states that defendant Wesley Jones and some other witnesses supporting Jones' version of the events in this matter have testified that either plaintiff and her sister or plaintiff's sister alone "exposed her breasts under circumstances where other members of plaintiff's workforce could observe (them) her at an after-hours social event following a Navy district meeting. According to the testimony, all of the parties at the social event had consumed alcoholic beverages and were in a relaxed social atmosphere." Plaintiff states that this evidence should be prohibited because it is not relevant or material under Fed. R. Evid. 401, and should be inadmissible under Fed. R. Evid. 402. Plaintiff also states that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Fed. R. Evid. 403. Plaintiff also states that this evidence is inadmissible under Fed. R. Evid. 412(b)(2), in that the probative value of this "sexual behavior" evidence does not substantially outweigh the danger of harm to the victim and unfair prejudice to the plaintiff.

Defendants Gordon R. England, End to End, Incorporated, and Wesley Jones

oppose plaintiff's motion, arguing that the subjects raised in plaintiff's motion are not inflammatory or prejudicial, and that the evidence related to plaintiff and/or her sister exposing their breasts is relevant.  Defendants note that "Plaintiff has asserted claims of sexual harassment and battery based on the allegation that Defendant Jones' [sic] touched her on the leg once while reaching to get candy from the bottom drawer of her desk.  Plaintiff claims that such conduct was offensive and unwanted." Defendants state that evidence of plaintiff willingly exposing her breasts at a work-related, after business hours event is relevant as to whether Jones' conduct was offensive and unwanted.  Defendants further state that the evidence is relevant as to whether plaintiff is entitled to emotional distress damages, noting that an examination of what behavior among co-workers inside and outside of the workplace was acceptable may be relevant.

After considering the parties' positions, the Court will **PROVISIONALLY GRANT** plaintiff's motion in limine (Doc. No. 111), subject to reconsideration depending on further development of the evidence in dispositive motions or at trial.

## II.    DEFENDANTS' MOTIONS IN LIMINE (Doc. No. 118)

### A.    Medical Evidence

Defendants seek to exclude from plaintiff's voir dire and opening statement any reference to plaintiff's alleged medical issues and/or costs.  Defendants note that plaintiff alleged in her complaint to have suffered from hair loss, severe headaches, uncontrollable weight gain, sinus infections, hearing loss, and various emotional traumas as a result of defendants' actions.  However, defendants state that plaintiff has not set forth any causal connection between these medical issues and defendants' actions.  Defendants state that mention of these conditions during voir dire and opening statements would cause defendants to be forced to defend against liability for medical issues for which plaintiff will be unable to present evidence at trial, and any reference to these medical issues/costs should therefore be prohibited under Fed. R. Evid. 403. Plaintiff filed no opposition.

2

After considering the parties' positions, the Court will **PROVISIONALLY GRANT** defendants' motion in limine (Doc. No. 118) as to this issue, subject to reconsideration depending on further development of the evidence in dispositive motions or at trial.

B.     Hearsay Statements between Plaintiff and Co-Workers

Defendants seek to exclude any argument or evidence of any hearsay conversations between plaintiff and co-workers.  In particular, defendants state that many of plaintiff's claims that defendants Hartley and Jones made statements about her were based on statements purportedly made to unknown persons, and then those persons reported those conversations to co-workers of plaintiff, who then reported the statements to plaintiff. Defendants state that any such statements are classic hearsay under Fed. R. Evid. 801(c) and 802 and should be excluded. Plaintiff filed no objection to this motion in limine.

After considering the parties' positions, the Court will **GRANT** defendants' motion in limine (Doc. No. 118) as to this issue.

C.     Prior Bad Acts

Defendants seek to exclude any argument or evidence of prior bad acts of defendants unrelated to the claims at issue in this case.  In particular, defendants note that plaintiff's proposed voir dire (Doc. No. 110) indicates that plaintiff plans to introduce evidence/argument regarding the "tailhook scandal" from 1991, an "old-boys network" in the Navy, and plaintiff's fear that she will be retaliated against for making a claim of sexual harassment because of the Navy's alleged "pattern of harassment."  Defendants state that such questions/statements would create an "atmosphere of prejudice" by referencing scandalous news items that have no relationship to the facts of this case.  Plaintiff filed no objection to this motion in limine.

After considering the parties' positions, the Court will **GRANT** defendants' motion in limine (Doc. No. 118) as to this issue.

D.     Prior Accusations of Sexual Harassment as to Defendant Jones

3

Defendants seek to prohibit plaintiff from introducing argument or evidence that Defendant Jones sexually harassed other women prior to his arrival at the North Kansas City Navy Recruitment Office. Defendants state that plaintiff's testimony on this issue would be hearsay, in that they believe the only testimony she could proffer is what she or others had "heard." However, defendants state that Jones' personnel file contains no evidence to support that Jones sexually harassed other women prior to his arrival at the Recruitment Officer where plaintiff worked. Defendants also argue that this testimony should be excluded pursuant to Rule 404(b) as evidence of prior bad acts to show that a person acted in conformity with the prior act. Finally, defendants argue that this evidence would be wasteful of the Court's time and be distracting and confusing for the jury, in that if such evidence were introduced, Defendant Jones would be compelled to put on evidence that he did not sexually harass other women. Defendants also state that this evidence would be highly prejudicial. Plaintiff filed no objection to this motion in limine.

After considering the parties' positions, the Court will **GRANT** defendants' motion in limine (Doc. No. 118) as to any hearsay statements. The remainder of defendants' motion as to this issue is **PROVISIONALLY GRANTED**, subject to reconsideration depending on further development of the evidence in dispositive motions or at trial.

E.    Witnesses Not Listed in Rule 26 Disclosures

Defendants seek to have the testimony of those witnesses listed on plaintiff's witness list (Doc. No. 85, filed on July 17, 2006) that were not disclosed in Plaintiff's Rule 26 disclosures or her other written discovery responses prohibited. In particular, defendants state that witnesses Brad Countryman, Jim Davey, Mike Dickey, Mary Fitzgerald, Ko Huang, Gregg Mann, Manual Ortiz, and Chief Starr were not disclosed in plaintiff's initial disclosures, or any supplemental disclosures. Instead, they were first identified when plaintiff filed her witness list, on July 17, 2006. Discovery closed on June 2, 2006. Therefore, defendants state that these witnesses should be prohibited from

4

testifying.  Plaintiff filed no objection to this motion in limine.

After considering the parties' positions, the Court will **GRANT** defendants' motion in limine (Doc. No. 118) as to this issue.

**IT IS SO ORDERED.**

Dated:   November 22, 2006

Kansas City, Missouri

**/S/FERNANDO J. GAITAN, JR.**

Fernando J. Gaitan, Jr.
United States District Judge