# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

GINA JENKINS,              )
             Plaintiff,        )
                       )
             v.               )     No. 04-0966-CV-W-FJG
                       )
DONALD C. WINTER, et al.,     )
             Defendants.    )

# ORDER

Pending before the Court are (1) Plaintiff's Motion to Extend Time to Respond to Court's Order to Show Cause (Doc. No. 196); (2) Defendant Wesley Jones' Motion for Judgment on the Pleadings and Suggestions in Support Thereof (Doc. No. 185); and (3) Plaintiff's Response to Show Cause Order and Motion for Extension of Time (Doc. No. 194). All will be considered below.

**I.**     **Motion to Extend Time to Respond to Court's Order to Show Cause (Doc. No. 196)**

Plaintiff has moved for an extension of time of 15 days to and including July 9, 2009, to respond to the Court's Order to show cause with respect to completion of discovery (Doc. No. 193, entered on June 17, 2009). No party filed opposition to the pending motion, and plaintiff filed her response to the Order to show cause on July 9, 2009 (see Doc. No. 200).

The Court will **GRANT** plaintiff's motion to extend time (Doc. No. 196), and will treat plaintiff's response to the Order to show cause (Doc. No. 200) as timely-filed.[1]

---

[1]The Court notes that while it has accepted plaintiff's response to the Order to show cause as timely filed, the Court will consider at a later date the adequacy of plaintiff's response.

**II.    Defendant Jones' Motion for Judgment on the Pleadings and Suggestions in Support Thereof (Doc. No. 185) and Plaintiff's Response to Show Cause Order and Motion for Extension of Time (Doc. No. 194)**

**A.    Background**

On October 22, 2004, plaintiff filed her initial Complaint against several parties. Doc. No. 1. That Complaint included a claim for assault and battery against defendant Wesley Jones, who plaintiff alleged to have touched her in an unwanted manner at her place of work in late November 2003. See Doc. No. 1, Count III. Plaintiff's claim for assault and battery against defendant Jones remained in plaintiff's First Amended Complaint (Doc. No. 39, Count III).

On March 1, 2007, this Court granted the summary judgment motions of the other defendants on plaintiff's federal claims, and entered an order declining to assert supplemental jurisdiction over plaintiff's remaining state law claims, including plaintiff's claim against defendant Jones for assault and battery. See Doc. No. 147. The Order indicated that plaintiff's claims against defendant Jones were dismissed without prejudice to their re-filing in state court. Id. at p. 23.

Plaintiff did not re-file her claims against defendant Jones in state court. Instead, plaintiff subsequently appealed certain rulings in the Court's March 1, 2007, Order to the Eighth Circuit Court of Appeals; however, plaintiff did not appeal the portion of the Court's Order dismissing her assault and battery claim against defendant Jones. See Brief of Appellant Gina Jenkins filed with the United States Eighth Circuit Court of Appeals, attached as Exhibit A to Doc. No. 185. On September 2, 2008, the Eighth Circuit granted in part plaintiff's appeal. See Doc. No. 155. However, the Eighth Circuit made no mention of plaintiff's claims against defendant Jones in its opinion. See id.

Upon remand of this matter, plaintiff filed her Motion for Leave to File a Second Amended Complaint and Reinstate Plaintiff's State Law Claim Pursuant to the Court's Supplemental Jurisdiction (Doc. No. 160). On February 19, 2009, this Court granted

2

plaintiff's motion, and ordered plaintiff to file her Second Amended Complaint within three days of the Court's Order. See Doc. No. 163. Plaintiff filed her Second Amended Complaint on February 22, 2009. Plaintiff's Second Amended Complaint asserts in Count III the same assault and battery claim against defendant Jones as was found in her initial Complaint (Doc. No. 1) and her First Amended Complaint (Doc. No. 39).

Defendant Jones now claims that plaintiff's claim for assault and battery against defendant Jones is barred by Missouri's two-year statute of limitations because she failed to re-file her claims by March 1, 2008.

## B. Legal Standard

Federal Rule of Civil Procedure 12(c) provides, "After the pleadings are closed–but early enough not to dely trial–a party may move for judgment on the pleadings." The standard for reviewing a motion for judgment on the pleadings is the same standard that governs Rule 12(b)(6) motions. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir.1990). "Judgment on the pleadings is appropriate only where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law." Potthoff v. Morin, 245 F.3d 710, 715 (8th Cir. 2001).

## C. Discussion

Defendant Jones argues that plaintiff's claims against him for assault and battery are now barred by the statute of limitations. Defendant notes that "[a] dismissal without prejudice does not toll a statute of limitation." Garfield v. J.C. Nichols Real Estate, 57 F.3d 662, 666 (8th Cir. 1995). Instead, "[o]nce a dismissal without prejudice is entered and the pending suit is dismissed, it is as if no suit had ever been filed." Id. (citing Smith v. Dowden, 47 F.3d 940, 943 (8th Cir. 1995)). 28 U.S.C. § 1367(d) provides for tolling of the statute of limitations for claims over which the Court has previously exercised supplemental jurisdiction: "[t]he period of limitation for any claim asserted under Subsection (a) . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless

3

state law provides for a longer tolling period." Under Missouri's savings statute, a plaintiff is allowed one year from the date of the dismissal without prejudice to re-file his or her otherwise time-barred claim. R.S.Mo. § 516.230.

Defendant notes that plaintiff's assault and battery claim is based on an alleged incident from November 2003. Missouri law provides that any action for assault and/or battery must be filed "within two years after the cause accrued." R.S.Mo. § 516.140. Defendant notes that the latest date plaintiff could have filed her complaint against defendant Jones for assault and battery would have been November 30, 2005.

Plaintiff timely-filed her initial Complaint as to her claims for assault and battery against defendant Jones on October 22, 2004. However, as noted by defendant, those claims were dismissed without prejudice on March 1, 2007. See Doc. No. 147. Following the dismissal, plaintiff took no action in her appeal to preserve those claims, and the Eighth Circuit Court of Appeals did not reinstate those claims. Defendant notes that under Missouri's savings statute, plaintiff's claims ought to have been re-filed on or before March 1, 2008. Instead, plaintiff did not re-file her assault and battery claims against defendant Jones in any court until February 22, 2009. Defendant Jones thus requests this Court enter an order granting judgment in his favor and against plaintiff on Count III of plaintiff's Second Amended Complaint, award him his costs and expenses incurred herein, and any other relief as the Court deems just and proper.

Plaintiff did not timely respond to defendant's Motion for Judgment on the Pleadings. Instead, the Court ordered plaintiff to show cause in writing on or before June 22, 2009, why the motion should not be granted. See Order, Doc. No. 192, entered on June 16, 2009. On June 22, 2009, plaintiff filed her Response to the Court's Order to Show Cause and Motion for Extension of Time (Doc. No. 194), in which she indicates that counsel inadvertently docketed the response deadline for an incorrect date. Plaintiff requested until June 24, 2009 to complete and serve her response to defendant Jones' Motion to Dismiss.

4

On June 24, 2009, plaintiff filed her suggestions in opposition to defendant Jones' motion for judgment on the pleadings (Doc. No. 195).  Defendant suggests in his reply (Doc. No. 199) that plaintiff's suggestions in opposition be stricken because they were filed out of time.  However, the Court finds the interests of justice would be better served if the Court allowed plaintiff's suggestions in opposition to be considered on their merits.  Therefore, plaintiff's motion for extension of time (Doc. No. 194) will be **GRANTED**, and the Court will consider plaintiff's suggestions in opposition to the motion for judgment on the pleadings (Doc. No. 195) as though they were timely filed.

In her suggestions in opposition to defendant Jones' motion for judgment on the pleadings, plaintiff asserts that this Court had the authority to reinstate plaintiff's pendent state law claims after the remand of this lawsuit.  Plaintiff also notes that the Court of Appeals commonly reinstates pendent state claims on remand of erroneously denied or dismissed federal claims.  See Keating v. Nebraska Public Power District, 562 F.3d 923, 930 (8th Cir. 2009); Engel v. Rapid City, 506 F.3d 1118, 1128 (8th Cir. 2007); Davis v. Witt, 81 F.3d 89, 91 (8th Cir. 1996).

While this Court may have the authority to reinstate pendent claims in certain circumstances, that authority does not extend to claims in which the statute of limitations has already expired and plaintiff has done nothing to preserve those claims.  The Court agrees that, given that plaintiff did not request the Eighth Circuit reinstate her state law claims during the pendency of her appeal, the latest plaintiff could have timely re-filed her assault and battery claims with any court was March 1, 2008.  Plaintiff did not accomplish this.  Therefore, Defendant's Motion for Judgment on the Pleadings (Doc. No. 185) is **GRANTED**, and Count III of Plaintiff's Second Amended Complaint (plaintiff's only remaining claim against Defendant Jones) is **DISMISSED**.

**IT IS SO ORDERED.**

**/S/FERNANDO J. GAITAN, JR.**
Dated:    07/22/09                    Fernando J. Gaitan, Jr.
Kansas City, Missouri                Chief United States District Judge

5