IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

GINA JENKINS, )
          Plaintiff, )
)
v. ) No. 04-0966-CV-W-FJG
)
DONALD C. WINTER, et al., )
          Defendants. )

## ORDER

Pending before the Court are (1) Defendant's Motion for Summary Judgment Based on Untimely EEO Complaint (Doc. No. 190); and (2) The Navy's Motion for Summary Judgment–Jenkins Not a Navy Employee (Doc. No. 239). Each will be considered below.

**I. Defendant's Motion for Summary Judgment Based on Untimely EEO Complaint (Doc. No. 190)**

Defendant Donald C. Winter, Secretary of the Department of the Navy (hereinafter, "the Navy") moves for summary judgment on plaintiff's second amended complaint because plaintiff Gina Jenkins (hereinafter, "Jenkins") failed to exhaust her administrative remedies by seeking timely EEO counseling. In particular, a federal employee must contact an EEO counselor within 45 days of the alleged discriminatory conduct. 29 C.F.R. § 1614.105(a).[1] Defendant indicates that plaintiff did not contact an EEO counselor until February 10, 2004, regarding her sexual harassment complaints, even though the harassment ended on December 4, 2003. Plaintiff indicates by affidavit that she was discouraged from members of command from filing a timely formal complaint, as she was told that the Navy's Sexual Harassment Policy did not apply to her. See Doc. No. 226, Ex. 7.

The Court finds that questions of material fact remain as to whether exceptions to the

---

[1] For purposes of this motion, defendant assumes that plaintiff was both a federal employee and subject to federal law, and an employee of End to End, Inc. Defendant indicated in this motion (Doc. No. 190) that it reserved the right to argue at trial that plaintiff was not a federal employee; however, the Court directed defendant to file a motion for summary judgment on this point. See Doc. No. 229.

1

45-day requirement, such as the doctrines of waiver, estoppel, and equitable tolling, apply in this case. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002), quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Accordingly, the Court finds that Defendant's Motion for Summary Judgment Based on Untimely EEO Complaint (Doc. No. 190) should be **DENIED**.

II. **The Navy's Motion for Summary Judgment–Jenkins Not a Navy Employee (Doc. No. 239)**

After reviewing the motion and suggestions in support, plaintiff's response, and defendant's reply, as well as the law applicable to this issue, the Court finds that questions of material fact remain as to whether plaintiff qualifies as a common-law employee of defendant, given the extent of the Navy's right to control the means and manner of plaintiff's work. Accordingly, the Court finds that the Navy's Motion for Summary Judgment – Jenkins Not a Navy Employee (Doc. No. 239) should be **DENIED.**

III. **Conclusion**

For the foregoing reasons:

(1) Defendant's Motion for Summary Judgment Based on Untimely EEO Complaint (Doc. No. 190) is **DENIED**; and

(2) The Navy's Motion for Summary Judgment–Jenkins Not a Navy Employee (Doc. No. 239) is **DENIED**.

**IT IS SO ORDERED.**

                                                 **/S/FERNANDO J. GAITAN, JR.**
                                                 Fernando J. Gaitan, Jr.
                                                 Chief United States District Judge

Dated: 12/18/09
Kansas City, Missouri