**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| GINA JENKINS, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 04-0966-CV-W-FJG |
| ) | |
| DONALD C. WINTER, ) | |
|     Defendant. ) | |

# ORDER

Pending before the Court is Defendant's Motion in Limine based on Plaintiff's Failure to Respond to Discovery (Doc. No. 223). Defendant's motion will be considered below.

**A) Witnesses not properly identified**

Defendant seeks to exclude the following witnesses from testifying at trial for plaintiff's failure to comply with Rule 26(a)(1)(A) by failing to give sufficient information to identify and locate the individuals; defendant's counsel states that they have attempted to independently locate these witnesses and cannot. The witnesses are:

1) "Camerer" (no first name given by plaintiff)
2) Jim Davey
3) Mike Dickey
4) Mary Fitzgerald
5) Ko Huang
6) Larry Kuffel
7) Gregg Mann
8) Jim McKenzie
9) Kris Neill
10) Manual Ortiz
11) Starr (no first name given by plaintiff)

Plaintiff responds that all of these witnesses are enlisted Navy personnel or Department of Defense civilian personnel, and the Navy ought to be able to locate these witnesses (saying, "somehow, with the resources of the Navy and the entire Department of Defense available to it, the Navy cannot locate the designated individuals, its own employees and enlisted personnel, and expects plaintiff to be able to do so."). Plaintiff indicates she "has previously provided the latest information in her possession for all of the witness[es] plaintiff has designated and supplemental information for six of the witnesses listed by defendant in its motion and for two additional witnesses: (Petty Officer Camerer; Mike Dickey, Ko Huang, Larry Kuffel, Jim McKemzie, Manuel Ortiz, Kathy Cherrito, and Stephanie Kretzer). Plaintiff asserts that to exclude her, at present, from using these witnesses at trial would be excessive as the period for supplementing discovery does not expire until December 28, 2009.

**Ruling: For Defendant; plaintiff's failure to inquire of the location/availability of these witnesses earlier is done at her own peril.**

**B)  Witnesses whose subject of testimony is retaliation**

Defendant notes that the Court has found that the issue of retaliation has already been decided, and testimony concerning retaliation is inadmissible. See Doc. No. 205. Plaintiff states that as to witness "Camerer" (no first name given), the subject of this person's testimony on plaintiff's first witness list was "retaliation, isolation, hostile environment." (Doc. No. 85). The subject of his/her testimony on the current witness list (Doc. No. 202) has been changed to "isolation, hostile environment." Witness Laura Ferrante did not begin work at the Navy recruitment office until after December 4, 2003, the last date of the alleged sexual harassment, and as the sexual harassment ended on December 4, 2003 (See Doc. No. 205 and the Eighth Circuit's Opinion), her testimony

could not be relevant.

Plaintiff responds that she agrees no testimony regarding retaliation can be offered in this case. However, plaintiff states that defendant Winter's assertion that the testimony of witnesses Camerer and Ferrante would be about retaliation is grossly mis-guided. Instead, plaintiff suggests that the Court reserve the decision about admissibility of these witnesses' testimony for trial.

**Ruling: For plaintiff, subject to plaintiff's in camera submission about the nature of their testimony. The Court notes that plaintiff's previous in camera submission (Doc. No. 202) does not provide enough information about the nature of their testimony to determine whether such testimony is admissible. Therefore, plaintiff's revised in camera submission regarding these witnesses is due on or before <u>January 7, 2010.</u>**

**C)   Witness Statements**

Defendant seeks to preclude witness statements not produced in discovery (noting that the affidavit testimony of Frank Warranch and Daniel Hartman was only uncovered <u>after</u> the close of discovery). Defendant wishes to preclude plaintiff from introducing additional statements, affidavits or testimony of any person other than those specifically identified in her Designation of Incidents, or Interrogatory answers.

Plaintiff responds that defendant is already in possession of all witness statements as well as any notes and memoranda of plaintiff which were provided to defendant during early discovery. Plaintiff further indicates that defendant cannot complain about surprise as to the testimony of witnesses Frank Waranch and Daniel Hartman, the substance of whose testimony defendant has been aware of since November 20, 2006 (the date of plaintiff's response to Winter's First Motion for Summary Judgment).

3

**Ruling: For Defendant.**

**D)  Damages**

Defendant indicates they issued a number of interrogatories to plaintiff regarding damages on January 12, 2006, but that defendant still has a limited amount of information. In her earlier response to the Court's order to show cause (see Doc. No. 200), plaintiff indicated that she would supplement her responses to the interrogatories "consistent with the court's Scheduling Order." However, defendant indicates that since plaintiff says she has not received any treatment since 2006, this is not a case of making a timely supplement to previous discovery responses, but is a failure to comply with outstanding discovery requests for over three years. Therefore, defendant seeks to preclude plaintiff from introducing billing or expense records other than the billing statement of Dr. Samuelson for $965.00 (which defendant anticipates objecting-to on other reasons).

Plaintiff responds that she reiterates her right to supplement discovery as set forth in the Court's Scheduling and Trial Order. Plaintiff further responds that defendant Winter does not deny that plaintiff produced treatment records of Dr. Kimball in March 2006, and plaintiff indicates that she has now supplemented those records with updated treatment and billing records for Dr. Kimball as well as the records of prescriptions and cost of treatment and medications through August 2009. Plaintiff states, therefore, this motion in limine is moot and this portion of the motion in limine should be denied.

**Ruling: Provisionally for Plaintiff (see ruling on "Claimed Injuries," ¶ F, below).**

**E)  Photographs of Hair loss**

Plaintiff has stated she will attempt to introduce photographs of hair loss that were taken in 2006 but are currently lost. Defendant seeks to prohibit the introduction of any

photographs that have not been produced to-date.

Plaintiff responds that, as a result of an office move, certain documents and records were misplaced by counsel. However, counsel indicates that since that time, the pictures of plaintiff's hair-loss have been located and provided to defendant. Therefore, plaintiff indicates this issue is moot and the motion in limine should be denied.

**Ruling: For Plaintiff.**

**F)     Claimed Injuries**

Defendant states that it issued interrogatories to plaintiff regarding claimed injuries (plaintiff alleges she gained weight and lost hair as a result of sexual harassment, retaliation, defamation and assault and battery). Defendant states that plaintiff has not identified any expert witnesses, but only "treating physicians" as to these conditions. Plaintiff answered interrogatories on this subject in 2006, but defendant asserts she has not updated her answers in spite of specific requests in defendant's Third Interrogatories requesting such updates. Defendant states that in response to the Court's previous order to show cause, she still repeated her answer from 2006 and did not update her current weight or status of other claimed conditions such as hair loss (see Doc. No. 200). In addition, defendant states that plaintiff has failed to identify records/expert testimony that she gained weight or lost hair <u>as a result of</u> sexual harassment. Therefore, defendant moves in limine to prohibit plaintiff from introducing evidence that she gained weight or lost hair as a result of any action or omission of the Navy.

Plaintiff responds that she has updated her responses setting forth in full her position on weight gain and hair loss, indicating: (1) defendant has had complete medical records from plaintiff's treating physician dating from 1995-2006 for 3 ½ years, and these records include multiple references to plaintiff's hair loss; (2) these same records indicate plaintiff's

5

weight in October 2003 and a steady increase in weight thereafter; (3) although defendant indicates that plaintiff has failed to identify expert testimony that supports her claim she gained weight or lost hair as a result of sexual harassment, plaintiff indicates that defendant has neglected to take the deposition of plaintiff's treating physician, Dr. Kimball, who can testify that the sexual harassment caused plaintiff's hair loss/weight gain; (4) plaintiff has supplied defendant Winter with her medical records through August 2009, making defendant's motion moot. (Plaintiff further notes that defendant failed to recognize that plaintiff disclosed her present weight in her answers filed May 14, 2009.).

**Ruling: Provisionally for Plaintiff. However, the Court notes that Dr. Kimball did not produce an expert report; therefore, if he testifies at all, his testimony must fall within the parameters of treating physician testimony, and if he begins testifying in such a way that it is more properly determined to be expert testimony, his testimony will be objectionable. Furthermore, the Court notes that Dr. Kimball's name does not appear on plaintiff's proposed in camera witness list (Doc. No. 202), nor does it appear that plaintiff has designated his deposition testimony for trial. See Doc. No. 203 (plaintiff's deposition designations). Additionally, Dr. Kimball's medical records and medical billings, while appearing on plaintiff's proposed exhibit list (Doc. No. 201) have not been stipulated-to by defendant. See Doc. No. 224. Therefore, the Court is unsure how plaintiff intends to present this evidence at trial.**

**G) Expert witnesses**

Defendant notes that the Court's scheduling order required all parties to disclose expert witnesses, including treating doctors, by February 13, 2009 (Doc. No. 159). Plaintiff failed to do so; however, defendant notes that plaintiff has previously identified doctors Stephen Samuelson and Jay Kimball. Defendant moves to limit plaintiff from calling any

expert witness, whether a treating physician or other purported expert who has not yet been identified.

Plaintiff responds that she has no plans to call medical experts other than the treating physicians previously identified in this case, making this request moot.

**Ruling: For Defendant.**

**IT IS SO ORDERED.**

|  |  |
|---|---|
| Dated:  12/23/09 <br> Kansas City, Missouri | **/S/FERNANDO J. GAITAN, JR**. <br> Fernando J. Gaitan, Jr. <br> Chief United States District Judge |